UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>      Petitioner,<br><br>  v.<br><br>A & J FRAMING, INC.,<br><br>      Respondent. | Civil Action No.  1:20-mc-91541<br><br>October 20, 2020 |

**PETITION FOR ENFORCEMENT OF**
**ADMINISTRATIVE SUBPOENA DUCES TECUM**

  Petitioner Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "Act" or "FLSA"), to enforce an administrative subpoena duces tecum. Through the subpoena the Secretary seeks, among other things, basic information about the hours worked by and wages paid to Respondent A & J Framing, Inc.'s ("A & J's") workers. To date, A & J has failed to fully comply with the Secretary's reasonable document requests set forth in the subpoena.

  The subpoena was issued on July 1, 2020 by the Regional Administrator of the Northeast Region of the Wage and Hour Division of the United States Department of Labor, and required that all requested records be produced by July 13, 2020. *See* Declaration of Mark H. Watson, Jr. ¶ 5 (Exhibit A) ("Watson Decl."); Ex. 1 to Watson Decl.[1] Because A & J has failed to fully comply with the subpoena, and the Secretary's significant efforts to obtain voluntary compliance with the subpoena have been unsuccessful, the Secretary now finds it necessary to seek an order

---

[1] The subpoena at issue here is attached as Exhibit 1 to the Declaration of Mark H. Watson, Jr., which is Exhibit A to this Petition.

from this Court requiring A & J to produce all outstanding records described in the administrative subpoena duces tecum.

In support of this Petition, the Secretary states as follows:

1. This Court has jurisdiction over this subpoena enforcement action, pursuant to 29 U.S.C. § 209 (incorporating by reference 15 U.S.C. § 49), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

2. Congress granted the Secretary subpoena power to compel witness testimony and the production of documents in relation to any investigation under the FLSA. *See* 29 U.S.C. § 209; 15 U.S.C. § 49. The Secretary, in turn, has delegated the authority to issue administrative subpoenas under the Act to Mark H. Watson, Jr., the Regional Administrator for the Northeast Region of the Wage and Hour Division. *See* U.S. Dep't of Labor, Sec'y's Order 5-2010 § 5(B)–(C), *Delegation of Auths. & Assignment of Responsibilities*, 75 Fed. Reg. 55352, 55354 (Sept. 10, 2010); Watson Decl. ¶¶ 1–2.

3. In the case of noncompliance, the Secretary may petition the United States District Court in the jurisdiction where an investigation is taking place for an order enforcing the subpoena. *See* 29 U.S.C. § 209; 15 U.S.C. § 49.

4. At all times relevant to this action, A & J has been a corporation conducting framing and carpentry work, with a principal office in Framingham, Massachusetts. *See* Declaration of Sophie Raposa ¶ 4 (Exhibit B) ("Raposa Decl.").

5. In or around April 2020, Investigator Sophie Raposa of the Boston District Office of the Wage and Hour Division began investigating A & J's business and employment practices. *See id.*; Declaration of Nuno Montrond ¶ 3 (Exhibit C) ("Montrond Decl.").

6. The Wage and Hour Division initiated this investigation under Section 11(a) of the FLSA, 29 U.S.C. § 211(a), which authorizes the agency to enter and inspect workplaces, interview workers, review business records, and conduct investigations into matters deemed necessary for aiding in the enforcement of the FLSA and determining whether employers have violated its provisions. *See* Montrond Decl. ¶ 4.

7. On or about April 30, 2020, Investigator Raposa submitted a request to A & J to produce records relevant to the investigation. *See* Raposa Decl. ¶ 5.

8. After Investigator Raposa followed up on several occasions and A & J did not produce all the records as requested, *see id.* ¶¶ 7–9, on July 1, 2020, Regional Administrator Watson issued an administrative subpoena duces tecum, pursuant to the authority that the Secretary had delegated to him, *see* Watson Decl. ¶¶ 2, 5; Ex. 1 to Watson Decl.

9. The records requested and fully described in the July 1, 2020 administrative subpoena duces tecum include:

   a. All records that reflect weekly hours worked by workers from April 3, 2017 to the present (Request No. 3);

   b. The names, addresses, telephone numbers, rates paid, job titles, dates of birth, hire dates, and termination dates if applicable, for all workers who worked for A & J from April 3, 2017 to the present (Request No. 4);

   c. All records of pay to workers each pay period from April 3, 2017 to the present (Request No. 5);

   d. A & J's corporate tax returns for 2016 (Request No. 6);

   e. All contracts executed since April 3, 2017 to which A & J is a party, including government contracts (Request No. 7); and

   f. All 1099 forms issued by A & J since April 3, 2017 (Request No. 8).

In addition, the subpoena sought information regarding companies related to A & J that may be owned or operated by A & J's officers (Request Nos. 1–2). *See* Watson Decl. ¶ 5; Ex. 1 to Watson Decl.

10. The subpoena directed A & J to produce to the Wage and Hour Division all records listed by July 13, 2020 at 8:00 a.m. *See* Watson Decl. ¶ 5; Ex. 1 to Watson Decl.; Raposa Decl. ¶ 11.

11. On July 2, 2020, Investigator Raposa served the subpoena duces tecum in person on Fernando Castro, a representative of A & J, who accepted service on behalf of the company. *See* Raposa Decl. ¶ 10; Ex. 1 to Raposa Decl.

12. Investigator Raposa also sent an email directly to Adir Jose Coelho, Jr., the President of A & J, on July 6, 2020, to remind Mr. Coelho that the subpoenaed records were due seven days later. *See* Raposa Decl. ¶ 12, Ex. 2 to Raposa Decl.

13. On or about July 13, 2020, A & J's representative, Mr. Castro, submitted some—but far from all—of the subpoenaed records to Investigator Raposa. The records produced by A & J pursuant to the subpoena were limited to:

   a. A list of workers' names and addresses (in partial response to Request No. 4);

   b. Records of hours worked by workers for 2019 and part of 2018 (in partial response to Request No. 3);

   c. The 1099-MISC forms issued by A & J in 2018 (in partial response to Request No. 8); and

   d. A QuickBooks back-up file (in response to Request No. 9).

The remaining records listed in the subpoena were not produced. *See* Raposa Decl. ¶ 13.

14. Since she had not received all of the subpoenaed records, Investigator Raposa emailed A & J's counsel, Attorney Roger Davis, on September 11, 2020, and granted him an

extension on the production of documents. Investigator Raposa informed A & J's counsel that the Wage and Hour Division would take steps to enforce the subpoena if all outstanding records were not produced by September 16, 2020. *See id.* ¶¶ 14, 16; Ex. 3 to Raposa Decl.

15. Investigator Raposa and A & J's counsel then had a telephone conference on September 15, 2020, during which A & J requested an additional ten-day extension to submit the outstanding records. *See* Raposa Decl. ¶ 17.

16. Investigator Raposa sent a follow-up email to A & J's counsel on September 16, 2020, which granted A & J an extension to September 21, 2020 at 7:00 a.m. for the production of the subpoenaed records. *See id.* ¶ 18; Ex. 4 to Raposa Decl. In that email, Investigator Raposa also provided A & J's counsel with an annotated list of the subpoenaed records, stating which records A & J had produced and which were still outstanding. *See* Raposa Decl. ¶ 19; Ex. 5 to Raposa Decl. That annotated list contained one omission in that it did not note that documents responsive to Request Number 3 for 2020 had not been produced. *See* Raposa Decl. ¶ 19; Ex. 5 to Raposa Decl.

17. After A & J failed to produce any additional records by the September 21, 2020 deadline, the Secretary made one final request to counsel for A & J on September 30, 2020, seeking the company's full compliance with the subpoena by the close of business on October 7, 2020. *See* Raposa Decl. ¶¶ 20–21; Ex. 6 to Raposa Decl.

18. On October 5, 2020, Investigator Raposa had a telephone conversation with Mr. Castro, in which Mr. Castro stated that A & J would produce additional records. *See* Raposa Decl. ¶ 22.

19. To date, A & J has not produced any of the subpoenaed records apart from its limited initial production of documents set out in Paragraph 13 above. *See id.* ¶ 23.

20. The subpoena requests that are still outstanding in full are Requests Numbers 1, 2, 5, 6, and 7. *See id.* ¶ 24. For Request Number 3, records for 2017, part of 2018, and 2020 remain outstanding. *Id.* For Request Number 4, records of workers' telephone numbers, pay rates, job titles, dates of birth, hire dates, and termination dates, if applicable, remain outstanding. *Id.* For Request Number 8, records for all relevant years, except 2018, remain outstanding. *Id.*

21. The records that remain outstanding from the subpoena duces tecum are relevant to and important for the Wage and Hour Division's investigation into A & J's employment and pay practices. *See id.* ¶ 25; Montrond Decl. ¶ 5. These records will assist the Wage and Hour Division in determining a number of issues, including but not limited to, whether the Act covers both A & J as an enterprise and its workers as employees, and if so, whether A & J has paid its employees the wages to which they are legally entitled. *See* Raposa Decl. ¶ 25; Montrond Decl. ¶ 5.

WHEREFORE, the Secretary respectfully requests that this Court:

1. Issue an order directing A & J to appear, at a time and place to be fixed by the Court, before a duly appointed official of the United States Department of Labor, and to produce at that time all outstanding records and documents listed and described in the July 1, 2020 subpoena duces tecum as set out in Paragraph 24 of the Declaration of Sophie Raposa, or show cause, if any it has, why it should not comply with and obey that subpoena in each and every requirement thereof;

2. Issue an order directing A & J to pay reasonable attorneys' fees and all costs and expenses incurred by the Secretary with respect to this Petition;

3. Issue an order tolling the FLSA's statute of limitations from April 30, 2020, the date on which the Wage and Hour Division first requested certain of the documents A & J has

failed to produce in response to the subpoena, until the date on which A & J fully complies with the subpoena; and

    4.    Award the Secretary with other relief that the Court deems necessary and appropriate.

| | |
|---|---|
| Post Office Address: | Kate S. O'Scannlain<br>Solicitor of Labor |
| U.S. Department of Labor<br>Office of the Solicitor<br>John F. Kennedy Federal Building<br>Room E-375<br>Boston, MA 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142 | Maia S. Fisher<br>Regional Solicitor<br><br>Mark A. Pedulla<br>Wage and Hour Counsel |
| Date: October 20, 2020 | /s/ Emily V. Wilkinson<br>Emily V. Wilkinson<br>Trial Attorney<br>wilkinson.emily.v@dol.gov<br>MA BBO No. 699512<br><br>U.S. Department of Labor<br>Attorneys for Petitioner |